UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLEN SMITH,

                              Plaintiff,

                                                                    DECISION AND ORDER

                                                                        07-CV-6352L

                    v.

BRUCE W. STANTON,
THOMAS J. BRUNER,
CHEMUNG COUNTY,
STATE OF NEW YORK,

                              Defendants.
_____

       Plaintiff Glen Smith, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services, alleges that his constitutional rights have been violated in connection with the inclusion in a state presentence report ("PSR") of certain confidential psychiatric records of plaintiff.

       Plaintiff has sued four defendants: the State of New York ("State"); Probation Officer Bruce W. Stanton; Probation Supervisor Thomas J. Bruner; and Chemung County (collectively "Chemung defendants"). He seeks injunctive relief and damages. The State has moved to dismiss plaintiff's claims against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Chemung defendants have moved for summary judgment. Plaintiff has cross-moved for summary judgment.

**BACKGROUND**

The complaint alleges that plaintiff was charged in an indictment in Chemung County Court in 2005. Complaint ¶ 11. On July 8, 2005, he was convicted following a jury trial of kidnapping in the second degree and criminal possession of stolen property in the fourth degree. Dkt. #19 at 35; *People v. Smith*, 41 A.D.2d 1093, 1094 ($3^d$ Dep't 2007).

Pursuant to his duties as a probation officer, defendant Stanton prepared a PSR for the use of the trial court in sentencing plaintiff. Complaint ¶ 13. In the course of preparing the PSR, Stanton received certain psychiatric records pertaining to plaintiff from Northern Tier Counseling in Towanda, Pennsylvania. Complaint ¶ 15. Plaintiff signed a written Authorization for Release of Information form authorizing the release of those records to Stanton on June 2, 2005. Dkt. #19 at 31-32.

Plaintiff alleges that Stanton "stapled [the psychiatric records] in the middle of" the PSR without his consent. Complaint ¶ 21. Plaintiff alleges that this was improper, and that as a result, "[n]umerious [sic] State and County Employees" have had access to those records, which plaintiff alleges contain sensitive, personal information about plaintiff and his family. Complaint ¶¶ 22, 25.

Plaintiff also alleges that he commenced a proceeding under Article 440 of the Criminal Procedure Law seeking to have the psychiatric records either sealed or expunged from the PSR. Apparently that effort was unsuccessful, as plaintiff alleges that he "appealed all the way up to the New York State Court of [A]ppeals," but he has not obtained the relief sought. Complaint ¶ 26.

In the instant action, plaintiff alleges that defendants have violated various New York State statutes, as well as the Fourteenth Amendment to the United States Constitution, 18 U.S.C. §§ 241 and 242, and "45 C.F.R. et-al." Complaint ¶ 33(B).[1] He seeks one million dollars in damages, and injunctive relief ordering defendants to "recall and/or destroy the psychiatric records erroneously stapled in the middle of" the PSR. Complaint ¶ 35.

### DISCUSSION

**I. Claims Against the State**

Plaintiff's claims against the State are barred by the State's sovereign immunity under the Eleventh Amendment. That includes both the legal and equitable claims. *See Santiago v. New York State Dept. of Correctional Services*, 945 F.2d 25, 32 (2$^d$ Cir. 1991); *Saint-Fleur v. City of New York*, No. 99 CIV. 10433, 2000 WL 280328, at *8 (S.D.N.Y. Mar. 14, 2000). Accordingly, the State's motion to dismiss is granted.

---

[1] Section 241 of Title 18 makes it a criminal offense for two or more persons to "conspire to injure, oppress, threaten, or intimidate any person in any State ... in the free exercise or enjoyment of any" federally protected right, or to "go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured ... ." Section 242 makes it a crime for any person, acting under color of law, to "willfully subject[] any person ... to the deprivation of any [federally protected] rights, ... or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens."
  Title 45 of the Code of Federal Regulations deals with a number of areas under the general heading of Public Welfare.
  It is obvious that neither Title 45 nor §§ 241 and 242 have any relevance to the case at bar, much less that they give rise to a right of action here. Accordingly, any purported claims under those provisions are dismissed.

**II. Claims Against the Chemung Defendants**

The confidentiality of PSRs is addressed in New York Criminal Procedure Law § 390.50. That section provides in part that

> [a]ny pre-sentence report or memorandum submitted to the court pursuant to this article and any medical, psychiatric or social agency report or other information gathered for the court by a probation department, or submitted directly to the court, in connection with the question of sentence is confidential and may not be made available to any person or public or private agency except where specifically required or permitted by statute or upon specific authorization of the court.

Subsection (3) of § 390.50 further provides that

> [a] probation department must make available a copy of its pre-sentence report and any medical, psychiatric or social agency report submitted to it in connection with its pre-sentence investigation or its supervision of a defendant, to any court, or to the probation department of any court, within this state that subsequently has jurisdiction over such defendant for the purpose of pronouncing or reviewing sentence and to any state agency to which the defendant is subsequently committed or certified or under whose care and custody or jurisdiction the defendant subsequently is placed upon the official request of such court or agency therefor. In any such case, the court or agency receiving such material must retain it under the same conditions of confidentiality as apply to the probation department that made it available ... .

In addition, C.P.L. § 390.60 provides that

> [w]henever a person is sentenced to a term of imprisonment, a copy of any pre-sentence report prepared, a copy of any pre-sentence memorandum filed by the defendant and a copy of any medical, psychiatric or social agency report submitted to the court or to the probation department in connection with the question of sentence must be delivered to the person in charge of the correctional or division for youth facility to which the defendant is committed at the time the defendant is delivered thereto.

Although plaintiff alleges that defendants have violated Article 390 of the C.P.L., *see* Complaint ¶ 33(A), he has not explained or demonstrated how. These statutes clearly provide for disclosure to certain entities of "medical, psychiatric or social agency report[s]" that are included within a PSR. Such disclosure may–in fact, must–be provided to the sentencing court, to "any state

agency to which the defendant is ... committed," and to "the person in charge of the correctional ... facility to which the defendant is committed ... ."  The record before me does not indicate that any other, impermissible disclosure occurred here.

To the extent that plaintiff may be alleging that these provisions themselves are unconstitutional insofar as they permit the distribution of his medical information, his claims are meritless.  The Second Circuit has recognized a constitutional "right to maintain the confidentiality of previously undisclosed medical information," and has held that–up to a point–prison inmates retain such a right.  *Powell v. Schriver*, 175 F.3d 107, 112 ($2^d$ Cir. 1999); *see also Doe v. City of New York*, 15 F.3d 264, 267-70 ($2^d$ Cir. 1994)).  Specifically, the court has stated that "prison officials can impinge on that right only to the extent that their actions are reasonably related to legitimate penological interests."  *Powell*, 175 F.3d at 112 (internal quotation marks omitted).  For example, the court has held that "the gratuitous disclosure of an inmate's confidential medical information as humor or gossip ... is not reasonably related to a legitimate penological interest, and it therefore violates the inmate's constitutional right to privacy."  *Id.  See also Doe v. Delie*, 257 F.3d 309, 317 ($3^d$ Cir. 2001) (stating that inmate's "constitutional right [of privacy in his medical information] is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security").

Plaintiff does not appear to contend that his psychiatric records were irrelevant to the preparation of his PSR; indeed, he signed a consent form authorizing their release for that purpose.  Although he alleges that "criminal counsel was not present" and that plaintiff "was on very large amounts of psychiatrict [sic] medications at the time of signing such authorizations," Complaint ¶¶

18, 19, his claim seems to be that he only consented to the probation officer's *viewing* of his psychiatric records in preparing the PSR, not to the records' physical inclusion in the PSR. Complaint ¶ 17.[2]

Regardless of the precise nature of plaintiff's claims, I see no basis for a constitutional claim here.  Certainly the inclusion of plaintiff's psychiatric records in the PSR was legitimate, so that the sentencing court would have all relevant information before it when imposing sentence.  The further distribution of the PSR to the correctional facility where plaintiff was committed was likewise supported by the state's interests not only in maintaining prison security, but also in ensuring that plaintiff himself be provided with appropriate medical and psychiatric treatment.  *See Faison v. Parker*, 823 F.Supp. 1198, 1202 (E.D.Pa. 1993) (finding that "[t]he state has a compelling interest in, and need for, the inclusion of private medical and mental health information in the presentence report," since "[s]uch information guides the sentencing court in determining an appropriate facility in which to incarcerate Ms. Faison, and enables the prison system to provide Ms. Faison with necessary medical and psychiatric attention"); *see also United States v. Huckaby*, 43 F.3d 135, 139-40 (5th Cir. 1995) (compelling interests justified release of defendant's PSR, where release of information tended to counteract public perception that defendant had been prosecuted because of his race, by showing that defendant had committed similar offenses in the past; observing that "it is difficult to conceive that confidentiality of the information in a [PSR] must be maintained under all circumstances, and no court has so held"); *Taliaferro v. DiFrancesco*, 871 F.Supp. 330, 332

---

[2]The consent form simply authorized release of the records to Stanton, and stated that plaintiff's authorization would expire "when acted upon." Dkt. #19 at 31. It did not expressly address the question of the records' possible inclusion in a PSR, or the further, statutorily-mandated distribution of the PSR to other individuals.

(E.D.Wis. 1994) ("there is little doubt that the State's interest in rehabilitating inmates clearly outweighs the inmates' interest in preventing the disclosure of ... information [contained in the inmates' PSRs] to a small group of similarly situated individuals" in a group therapy session).

I also note that, to the extent that plaintiff seeks damages based on the inclusion of the psychiatric records in the PSR, the individual defendants are entitled to absolute immunity. *See Hill v. Sciarrotta*, 140 F.3d 210, 215 ($2^d$ Cir. 1998); *Dorman v. Higgins*, 821 F.2d 133, 136 ($2^d$ Cir. 1987); *Grant v. Ahern*, No. 03CV0539, 2005 WL 1936175, at *3 (N.D.N.Y. Aug. 2, 2005). Plaintiff's claims for damages against the individual defendants are therefore dismissed on that ground as well.

In addition, besides the statutes discussed above, plaintiff also alleges that defendants violated certain other state statutes, none of which has any relevance to the facts of this case. Section 79-c of the New York Civil Rights Law, which provides that a "convict sentenced to imprisonment is under the protection of the law," was enacted in 1965 simply to correct New York's prior lack of any injunctive remedy for prisoners alleging ongoing violations of their Eighth Amendment rights; *see Rodriguez v. McGinnis*, 456 F.2d 79, 85 n. 2 ($2^d$ Cir. 1972) (Lumbard, C.J., dissenting), *rev'd on other grounds sub nom. Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Wright v. McMann*, 387 F.2d 519, 523-24 ($2^d$ Cir. 1967). Sections 4504, 4507 and 4508 of the Civil Practice Law and Rules deal with the unauthorized release of confidential information by a person's physician, psychologist.or social worker, respectively.

In any event, even if plaintiff could show that defendants violated any state statutes–which he cannot–he has failed to articular a viable federal constitutional claim under §1983.

*See Taliaferro*, 871 F.Supp. at 330-31 (stating that "[w]hile both the plaintiff and the defendants discuss at some length the Wisconsin statutes and whether disclosure of a [PSR] is permissible thereunder, that emphasis is misplaced," because "the threshold question before the Court is whether the plaintiff enjoys a *federal constitutional* right of privacy that was violated when allegedly private information was disclosed by state officials") (emphasis added).[3]

## CONCLUSION

The State of New York's motion to dismiss (Dkt. #10), and the motion for summary judgment (Dkt. #33) filed by defendants Bruce W. Stanton, Thomas J. Bruner; and Chemung County, are granted, plaintiff's cross-motion for summary judgment (Dkt. #19) is denied, and the complaint is dismissed in its entirety.

Plaintiff's motions to strike (Dkt. #12 and #34) and to compel (Dkt. #12 and #26), and the State of New York's motion to stay further discovery (Dkt. #27) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 16, 2008.

---

[3] My decision in this regard renders it unnecessary for the Court to address the Chemung defendants' argument that plaintiff's claims are barred by *res judicata* based on his Article 440 action in the state courts, or plaintiff's contention that defendants have waived that affirmative defense by failing to assert it in their answer to the complaint. *See McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007) (discussing waiver).